IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,487-01






EX PARTE MARVIN LEWIS FULKS , Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-08-58508-V IN THE 292ND DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault of a public servant and sentenced to ten years' imprisonment. He did not appeal his
conviction. 

 Applicant contends that his plea was involuntary because he was mentally retarded and did
not understand the plea papers he signed and the advice his lawyer gave him. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex
parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact. The trial court shall provide Applicant's
trial counsel with the opportunity to respond to Applicant's claim of an involuntary plea due to
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his plea was involuntary and that his plea was rendered involuntary due to the ineffective
assistance of counsel. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: March 17, 2010

Do not publish